UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY STONE, *et al.*,

                            Plaintiffs,

    -against-                                             7:15-CV-0097 (LEK/ATB)

OFFICER EAMER, *et al.*,

                            Defendants.

## DECISION AND ORDER

In this case, Plaintiffs Anthony and Jaclyn Stone challenge, among other things, discriminatory treatment they allegedly experienced while Anthony was incarcerated at Cape Vincent Correctional Facility ("Cape Vincent C.F."). Dkt. No. 66 ("Second Amended Complaint").[1] Plaintiffs allege violations of the First and Fourteenth Amendments, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, and the New York State Constitution. Id. ¶¶ 61–85. On March 31, 2016, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiff's amended complaint. Dkt. No. 41 ("March Order") at 28–29; see also Dkt. No. 4 ("Amended Complaint"); Dkt. No. 32 ("Motion to Dismiss"). After Plaintiffs filed their Second Amended Complaint, several defendants moved for partial summary judgment on Plaintiffs' First Amendment retaliation and Title VI claims. Dkt. No. 68 ("Motion for Partial Summary Judgment"); see also Dkt. No. 68-32 ("Memorandum"). Plaintiffs responded by arguing that summary judgment was premature because they had not been able to conduct discovery, and alternatively that Defendants' Motion fails on the merits. Dkt. No. 75-4

---

[1] The Court assumes the parties' familiarity with the facts and history of this case, and recites only those facts necessary to resolve the pending motion.

("Response") at 1–10. The Court then directed Plaintiffs to file an affidavit under Federal Rule of Civil Procedure 56(d), Dkt. No. 91 ("May Order"), which they did on May 25, 2017, Dkt. No. 94 ("56(d) Affidavit"). Because granting partial summary judgment would be premature, the Court denies Defendants' Motion for Partial Summary Judgment with leave to renew.

Under Rule 56(d) of the Federal Rules of Civil Procedure, if a party facing a motion for summary judgment demonstrates "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A Rule 56(d) affidavit must "describ[e]: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir. 2004). Rule 56(d) "is a safeguard against premature grants of summary judgment and should be applied with a spirit of liberality." Holmes v. Lorch, 329 F. Supp. 2d 516, 529 (S.D.N.Y. 2004) (quoting Dubia Islamic Bank v. Citibank, 126 F. Supp. 2d 659, 665 (S.D.N.Y. 2000)). Nevertheless, "[c]ourts are particularly reluctant to allow additional discovery in the face of a summary judgment motion where the requests are 'put forth by parties who were dilatory in pursuing discovery.'" Alali v. DeBara, No. 07-CV-2916, 2008 WL 4700431, at *7 (S.D.N.Y. Oct. 24, 2008) (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1139 (2d Cir. 1994)).

The moving defendants seek summary judgment on Plaintiffs' retaliation and Title VI claims. These defendants argue that Plaintiffs' retaliation claim fails because there is no evidence that the defendants who allegedly retaliated against Anthony Stone—defendants Jones, Martin,

2

Pratt, Knapp, McAuliffe, and Graves—knew about, or were otherwise involved in, Plaintiffs' complaints about *other* defendants. Mem. at 8.² In this circuit, "it is difficult to establish one defendant's retaliation for complaints against another defendant." Guillory v. Ellis, No. 11-CV-600, 2014 WL 4365274, at *18 (N.D.N.Y. Aug. 29, 2014) (collecting cases). Anthony conceded in his response to Defendants' first set of interrogatories that he had never encountered or complained about any of the defendants who allegedly retaliated against him before December 11, 2012, Dkt. No. 68-31 ("Stone Response to Interrogatories") at 1–4,³ when Pratt and Martin searched his cube and Martin allegedly planted drugs, Resp. at 5. And Plaintiffs have not pointed to any evidence in the record that the defendants who allegedly retaliated against Anthony had any inkling of his or Jaclyn's complaints about other defendants before the alleged planting of drugs. These lacunae in the record may stem from Plaintiffs' failure to conduct meaningful discovery in this case. See Dkt. No. 95 ("June Status Report") (informing the Court that Plaintiffs intend to depose almost all of the individual defendants in July 2017).

Plaintiffs' Rule 56(d) affidavit proposes to remedy these gaps in the record by deposing the individual defendants, which "will reveal[, among other things,] the extent and knowledge of the individual Defendants; supervisory oversight and knowledge; [and] the extent to which

---

² The moving defendants also argue that Plaintiffs' retaliation claim fails because defendants Pratt and Martin would have searched Anthony's "cube" even in the absence of Plaintiffs' complaints about discriminatory treatment. Mem. at 7. But Plaintiffs do not rely solely on the search; they also argue that the planting of drugs in the cube constituted an adverse action taken in retaliation for Plaintiffs' complaints. Resp. at 2. While "DOCCS security practices" may require searching an inmate's cube in response to a tip, the Court assumes that they do not dictate planting drugs on inmates. Mem. at 7.

³ The page numbers for this document refer to those generated by this Court's electronic filing system ("ECF").

3

complaints are met with retaliatory conduct and/or wilful ignorance of discriminatory conduct and practices." 56(d) Aff. ¶ 10. These depositions could yield evidence raising a genuine issue of material fact with respect to Plaintiffs' retaliation claim. If, for example, the depositions reveal that Martin knew about Plaintiffs' complaints about other defendants, and that he was close friends with some of those officers, a reasonable jury might be able to find that he had reason to retaliate against Plaintiffs by planting drugs in Anthony's cube. See, e.g., Roland v. McMonagle, No. 12-CV-6331, 2015 WL 5918179, at *6 (S.D.N.Y. Oct. 9, 2015) ("Roland has presented evidence that one of the Defendants lived with the officers involved in his July 2009 grievances. Viewed in the light most favorable to the Plaintiff, this evidence supports Roland's claim that Defendants were aware of his history of complaints."). Thus, granting summary judgment on Plaintiffs' retaliation claim would be premature.

The moving defendants seek summary judgment on Plaintiffs' Title VI claim on the ground that a reasonable jury could not find that defendant Department of Corrections and Community Supervision ("DOCCS") was deliberately indifferent to the discrimination Plaintiffs allegedly experienced at Cape Vincent C.F. Mem. at 11–12. Under Title VI, "[l]iability only arises if a plaintiff establishes: (1) substantial control [over the harasser and the environment], (2) severe and discriminatory harassment, (3) actual knowledge, and (4) deliberate indifference." Zeno v. Pine Plains Cent. Sch. Dist., 702 F.3d 655, 665 (2d Cir. 2012). "A finding of deliberate indifference depends on the adequacy of a [defendant's] response to the harassment." Id. at 666. In their Response, Plaintiffs assert, without citing any evidence, that "no real investigation was conducted and therefore no corrective or remedial action was taken whatsoever." Resp. at 7.

4

That, according to Plaintiffs, suggests deliberate indifference to the discrimination and harassment they suffered at Cape Vincent C.F. Id.

Plaintiffs' Rule 56(d) affidavit states that they intend to fill these gaps in the record by

> seek[ing] facts demonstrating, *inter alia*, (1) that DOC[C]S was purposefully ignorant of the nature of their complaints, that is, their racial nature; (2) that DOC[C]S failed to conduct an investigation with respect to their complaints and that DOC[C]S' "response" to Plaintiffs' October 28, 2012 complaint was (i) not undertaken with diligence, (ii) obviously incomplete based on, for example, the lack of any inquiry to Plaintiff Jaclyn Stone, (iii) assigned and conducted by the Cape Vincent correctional facility itself, an obvious conflict of interest, (iv) and otherwise not calculated to uncover the racial discrimination and harassment or put an end to it; and (3) that DOC[C]S did not take any remedial or corrective action to address the racial discrimination and harassment complained of by Plaintiffs.

56(d) Aff. ¶ 6. Plaintiffs argue that "these facts [could] show that DOC[C]S was deliberately indifferent to the racial discrimination and harassment endured by Plaintiffs." Id. ¶ 7. The Court agrees. Determining whether a defendant was deliberately indifferent to unlawful discrimination entails a fact-sensitive inquiry, and evidence about DOCCS' response to Plaintiffs' complaints is clearly relevant to that analysis. Thus, it would be premature to grant summary judgment on Plaintiffs' Title VI claim.

The Court recognizes that Plaintiffs have been less than diligent in pursuing discovery in this case. On May 4, 2016, the discovery cutoff date was set for December 16, 2016. Dkt. No. 46 ("Pretrial Scheduling Order") at 1. On November 23, 2016—almost a week after the moving defendants had moved for partial summary judgment—the cutoff date was extended to March 3, 2017, Dkt. No. 70, and on February 3, 2017, it was extended to March 31, 2017, Dkt. No. 79. The deadline is now July 14, 2017. Dkt. No. 96. As of the date of this Decision and Order,

Plaintiffs apparently have yet to depose any individual defendants. June Status Report. Plaintiffs do not adequately explain these delays in their Rule 56(d) affidavit, which simply notes that Plaintiffs "have [not] yet been able to depose any of the Defendants." 56(d) Aff. ¶ 9. And Plaintiffs appear to be have been less than forthcoming in responding to Defendants' discovery demands. Dkt. No. 76-7 ("Reply Statement of Material Facts") ¶¶ 55, 63.

True, "Rule 56(d) 'will not be liberally applied to aid parties who have been lazy or dilatory.'" Labombard v. Winterbottom, No. 14-CV-71, 2015 WL 6801206, at *5 (N.D.N.Y. Nov. 6, 2015) (quoting Allstate Ins. Co. v. Administratia Asigurarilor De Stat, 948 F. Supp. 285, 294 (S.D.N.Y. 1996)). But in evaluating Rule 56(d) affidavits, courts routinely give less weight to the third and fourth factors, which involve the non-moving party's efforts to obtain evidence that could create a genuine dispute of material fact. E.g., Am. Home Assurance Co. v. Zim Jamaica, 418 F. Supp. 2d 537, 548 (S.D.N.Y. 2006). And, as detailed above, "[t]his is not a case where a party is opposing summary judgment based solely on the mere hope that further evidence may develop prior to trial that could possibly support its claim." Crown Castle USA Inc. v. Fred A. Nudd Corp., No. 05-CV-6163, 2007 WL 700901, at *4 (W.D.N.Y. Mar. 1, 2007). Moreover, discovery is now well underway: Anthony and Jaclyn Stone were deposed in May, 56(d) Aff. ¶ 11, and almost all of the individual defendants are scheduled to be deposed in July, June Status Report. Thus, because Plaintiffs appear poised to gather evidence that could raise genuine issues of material fact with respect to the two claims on which the moving defendants seek summary judgment, the Court denies these defendants' Motion for Partial Summary Judgment with leave to renew. Defendants may move for summary judgment again in accordance with the deadline for

filing substantive motions, which U.S. Magistrate Judge Andrew T. Baxter recently extended to September 15, 2017. Dkt. No. 96.

Accordingly, it is hereby:

**ORDERED**, that the moving defendants' Motion for Partial Summary Judgment (Dkt. No. 68) is **DENIED with leave to renew**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: June 30, 2017
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge